CLD-235                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1253
_____

ROGER ANTHONY ETKINS,
                                    Appellant

v.

JUDY GLENN;
MR. R. SMITH, R.S.A;
P.A. ERIC ASP

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:10-cv-00216)
District Judge: Honorable Sean J. McLaughlin

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: June 3, 2013)
_____

OPINION
_____

PER CURIAM

Roger Etkins appeals from the District Court's dismissal of his complaint.  For the

following reasons, we will grant the appellees' motion and summarily affirm.

I.

Roger Etkins, a federal prisoner, filed a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Judy Glenn, a nurse practitioner at the prison; Rodney Smith, the prison's health services administrator; and Eric Asp, a physician's assistant at the prison. Etkins suffers from epididymitis, causing chronic pain in his left testicle, and osteoarthritis, causing pain in his right knee, for which Defendant Asp prescribed Sulindac tablets. On April 29, 2009 pursuant to prison policy, the prison pharmacy confiscated Etkins' medication upon his transfer to confinement. The pharmacy failed, however, to reissue his medication within the 24-36-hour timeframe required by prison regulations. Etkins submitted two written requests to Defendant Asp— one on May 3, 2009 the other on May 6, 2009— explaining that he was without his medication. Etkins alleged that Defendant Asp did not respond until May 12, 2009.

Defendant Asp, the lone remaining defendant, moved for summary judgment.[1] Plaintiff testified that, pursuant to the procedures, the physician's assistant would issue

---

[1] In its initial screening of the complaint, the District Court properly dismissed Etkins' claims against Defendant Glenn for failure to exhaust his administrative remedies, and against Defendant Smith. <u>See</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64 (3d Cir. 1993) (holding that non-medical prison officials cannot be considered deliberately indifferent because they failed to respond to the medical complaints of a prisoner who was already being treated by the prison medical staff). The Court also correctly rejected Etkins' other Eighth Amendment claim against Defendant Asp, as the undisputed evidence in the summary judgment record indicated he ordered Etkins a knee sleeve on the same day it was requested.

2

prescriptions, the pharmacy would fill them, and the pharmacy would provide the medication to the proper personnel for delivery. Etkins testified that Defendant Asp never delivered the medication to him. While Etkins stated in his response to the summary judgment motion that Defendant Asp delayed in responding to his request for medical attention, Plaintiff testified that "sick call really wasn't the issue … the medication [Defendant Asp] generally prescribed would have been sufficient." This shows that there was no evidence to support a claim arising from Defendant Asp's attention to Etkins' medical needs. The Magistrate Judge properly found that Etkins' claim against Asp lacked merit because Defendant Asp had no control over the prison pharmacy's delay in reissuing Etkins his medication. The District Court adopted the Magistrate Judge's report and recommendation, and entered summary judgment in favor of Defendant Asp. Etkins timely appealed. The appellees have filed a motion asking that we summarily affirm the District Court's judgment.

II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's order granting summary judgment. See Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. See Fed. R. Civ. P. 56(c); Saldana, 260 F.3d at 231.

The District Court did not err in limiting Etkins' Eighth Amendment claim to the allegations he made in his deposition. See Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 706 (3d Cir. 1988) (upholding a district court's use on summary judgment of sworn deposition testimony in the face of contradictory allegations elsewhere). As the District Court explained, that claim—as it was framed in Etkins' own sworn testimony—lacked merit. To state a claim for delayed medical care, Etkins needed to allege that Defendant Asp was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Here, Defendant Asp knew of Etkins' chronic pain, and, according to Etkins, he learned on May 5 that Etkins had not been reissued his pain medication. However, as Etkins himself conceded, Defendant Asp had no control over reissuing his medication. See Hamilton v. Leavy, 117 F.3d 742, 747 (3d Cir. 1997) (requiring that a plaintiff produce sufficient evidence of causation on an Eighth Amendment claim). The prison pharmacy was responsible for that. There is no evidence in the summary judgment record suggesting that Defendant Asp shirked any of his own responsibilities in the provision of Etkins' medication. The undisputed record is that he prescribed the pain medication in a timely manner; he prescribed Etkins Sulindac tablets when he initially examined Etkins, and he prescribed another round of Sulindac when the confiscated prescription expired on May 12. Therefore, no genuine issue of material fact existed as

4

to Etkins' claim that Defendant Asp was deliberately indifferent to his serious medical needs.  See Fed. R. Civ. P. 56(c).

For the reasons given, the District Court properly dismissed Etkins' complaint.[2] Accordingly, we will summarily affirm the judgment of the District Court.  Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R.; I.O.P. 10.6.

---

[2] The District Court did not err in denying Etkins leave to file a motion to add Violette Ganoe as an additional defendant, as United States Public Health Service members acting within the scope of employment are immune from Bivens claims.  See Hui v. Castaneda, 130 S. Ct. 1845, 1850-51 (2010).  Nor did the District Court err in denying Etkins' motion to amend his complaint to re-state his claims against original Defendants Glenn and Smith.